IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JAVIER EMILIO MATAMOROS AVILA<br>6916 Spike Place<br>Bryans Road, Maryland 20616<br><br>ALCIDES VILELIO MATAMOROS RIVAS<br>6916 Spike Place<br>Bryans Road, Maryland 20616<br><br>    *Plaintiffs*,<br><br>      v.<br><br>MARLIN LIGHTING LLC<br>7207 Lockport Place, Suite B<br>Lorton, Virginia 22079<br><br>JOHN COTTRELL, JR.<br>7326 Masonville Drive<br>Annandale, Virginia 22003<br><br>    *Defendants*. | Civil Action No.: 22-49 |

**COMPLAINT**

Plaintiffs, Javier Emilio Matamoros Avila ("Plaintiff Avila") and Alcides Vilelio Matamoros Rivas ("Plaintiff Rivas") bring this action against Defendants, Marlin Lighting LLC ("ML") and John Cottrell, Jr. ("Cottrell"), its President and owner, (collectively the "Defendants"), for violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427; the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2; and Virginia Code Ann., 40.1-29 (relevant amendments effective July 1, 2021).

In support, Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiff Avila is an adult resident of Maryland and was employed by Defendants off and on for the last 15 years as an electrician. However, he was employed consistently from approximately June or July 2019 to November 2021, when he resigned because he was no longer being paid anything at all for his work hours. Since becoming consistently employed with Defendants in or around July 2019, Plaintiff Avila spent about half of his working time in Maryland. And during that period of time, Plaintiff Avila worked anywhere between 50 and 75 hours per week and he was paid a daily rate of $250 per hour regardless of the number of hours he worked in a day. Defendants never paid Plaintiff Avila an overtime premium for his overtime hours.

2. Plaintiff Rivas is an adult resident of Maryland and was employed by Defendants from approximately September 2021 to sometime in November 2021, when he also resigned because Defendants stopped paying him for his work. At all times relevant to the Complaint, Plaintiff Rivas worked for Defendants as a helper to Plaintiff Avila. During the time he was employed by Defendants, Plaintiff Rivas worked between 50 and 75 hours per week but was paid a daily rate of $150 regardless of the number of hours he worked in a day. Defendants never paid Plaintiff Rivas an overtime premium for his overtime hours.

3. ML is a limited liability company organized under the laws of the Commonwealth of Virginia. It was licensed to do business as a foreign corporation in Maryland. However, its charter was forfeited in both Virginia and Maryland. ML was Plaintiffs' "employer" as that term is defined within the FLSA, the MWHL, the MWPCL and Virginia Code Ann., §§ 40.1-2 and 40.1-29, because, through its agents, owners, officers and/or members, it employed the Plaintiffs directly, hired them, set their rate of pay, set the terms and conditions of their employment, set their schedule,

2

directed them in the performance of their work, assigned them work, maintained employment records for Plaintiffs and paid their wages.

    4.    Cottrell is an owner, officer, and/or member of ML. Cottrell is an employer of Plaintiffs within the meaning of the FLSA, the MWHL, the MWPCL and Virginia Code Ann., § 40.1-29, because he is an owner, officer, and/or member of ML, who is significantly involved in ML's business operations. Specifically, (1) he was responsible for creating and enforcing ML's policies and procedures governing employee pay and benefits, (2) he controlled the corporate funds which were used to pay Plaintiffs and other employees and could and did allocate funds as profits for his own benefit, (3) he set and approved the daily rate for Plaintiffs and other employees who are non-exempt and acted with knowledge of or approved the unlawful pay practices by failing to pay an overtime premium for overtime hours, (4) he had authority to hire, fire and discipline Plaintiffs, (5) he supervised them, established Plaintiffs' work schedule and directed them to the various job sites where they worked; (6) he made or approved the decision to engage in the illegal pay practices that are the subject of this law suit in order to make ML more profitable, and (7) he maintained Plaintiffs' employment records.

    5.    ML constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as ML had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). In addition, Plaintiff were "engaged in commerce" within the meaning of 29 U.S.C. §§ 203 (b) and 207 (a)(1) because they frequently travelled across state lines to perform work for

Defendants and they performed work in multiple states, including Virginia, Maryland, Pennsylvania, North Carolina, and South Carolina.

## JURISDICTION

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claim under 28 U.S.C. § 1367.

7. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and many of the events giving rise to these claims occurred in Maryland.

## VENUE

8. Venue is proper in this judicial district because a substantial part of the events that give rise to the claims in this case took place in this judicial district.

## STATEMENT OF FACTS

9. While employed by Defendants, Plaintiffs' duties included, but were not limited to electrical work involving lighting on commercial buildings. Defendants did not keep any time records for Plaintiffs. During their employment with Defendants, Plaintiffs worked anywhere from 40 to 75 hours per week and sometimes more.

10. Plaintiffs would often travel long distances to job sites in Virginia, Maryland, Pennsylvania, North Carolina and South Carolina and stay overnight in those areas to complete work on the job sites. Plaintiffs received no compensation at all for their travel time to these remote locations which was done during regular work hours and as part of their regular work-day.

11. Defendants misclassified Plaintiffs as either exempt employees or independent contractors and paid them daily rates for all hours of work and failed to pay them an overtime premium. Defendants also failed to pay Plaintiffs anything at all for some hours of work. In addition, Defendants did not make withholdings on any of the paychecks delivered to the Plaintiffs. Plaintiffs are unable to determine the precise amount owed without obtaining Defendants' time and payroll records.

12. Beginning in October 2021, Defendants stopped paying Plaintiffs altogether because the checks which Defendants provided were returned for insufficient funds or because Defendants failed to provide Plaintiffs with any paychecks. It is estimated that based on the non-payment practices of Defendants beginning in October 2021, Plaintiffs are collectively owed between $12,000 and $20,000 or more in unpaid wages during this time frame.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

13. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

14. At all times relevant to this Complaint, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

15. At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the FLSA.

16. Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked and failed to pay Plaintiffs anything at all for some of their work hours.

17. Defendants' actions were not undertaken in good faith and they were willful such that the statute of limitations is three years.

18. Plaintiffs are not able to calculate their damages because they are not in possession of all of their time or payroll records.

19. Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld straight time and overtime time wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

20. For this Count, Plaintiff Avila is seeking wages and damages back to sometime in 2019 when he returned to Defendants' employ. In the case of Plaintiff Rivas, he is seeking wages and damages for his employment from September to November 2021.

21. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

22. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiffs within the meaning of the MWHL.

23. At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the MWHL.

24. Defendants violated the MWHL by failing to pay Plaintiffs at one and one-half times their regular hourly rate for each hour over 40 that they worked and failing to pay Plaintiffs anything at all for some of their hours of work.

25. Defendants did not act in good faith, entitling Plaintiffs to liquidated damages.

26. Plaintiffs are not able to calculate their damages because they are not in possession of their time or payroll records.

27. As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld straight time and overtime wages for the statutory period, an

additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

28. For this Count, Plaintiff Avila is seeking wages and damages back to sometime in 2019 when he returned to Defendants' employ. In the case of Plaintiff Rivas, he is seeking wages and damages for his employment from September to November 2021.

## COUNT III
## VIOLATIONS OF THE MWPCL

29. Plaintiffs repeat and incorporate by reference all allegations set forth above.

30. Defendants knowingly, willfully and intentionally violated Plaintiffs' rights, under the MWPCL by failing to pay Plaintiffs all of their overtime wages under the MWHL, failing to pay them anything at all for some hours of work.

31. Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

32. Plaintiffs are not able to calculate their damages because they are not in possession of their time records or the vast majority of their payroll records.

33. Defendants are liable to Plaintiffs pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid overtime and straight-time wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

34. For this Count, Plaintiff Avila is seeking wages and damages back to sometime in 2019 when he returned to Defendants' employ. In the case of Plaintiff Rivas, he is seeking wages and damages for his employment from September to November 2021.

## COUNT IV
## VIOLATIONS OF VA CODE ANN. § 40.1-29

35. Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

36. At all times relevant to this case, Plaintiffs were "employees" of Defendants within the meaning of Virginia Code Ann., §§ 40.1-2 and 40.1-29, as amended and which became effective on July 1, 2021.

37. At all times relevant to this case, Defendants were "employers" of Plaintiffs within the meaning of Virginia Code Ann., §§ 40.1-2 and 40.1-29, because Defendants were doing business in or operating within this Commonwealth (Virginia) and they employed Plaintiffs to work for wages or salaries and were required for directed by Defendants to engage in employment, directly or indirectly.

38. As to Defendants' failure to pay Plaintiffs any wages at all for their work beginning in October 2021, Defendants knowingly failed to pay Plaintiffs these wages. As such, Plaintiffs are entitled to a mandatory award (in their favor and against Defendants) of liquidated damages in an amount equal to three times the unpaid wages plus the original amount of the unpaid wages. Virginia Code Ann. § 40.1-29 (J). Defendants acted "knowingly" in failing to pay the wages due because they had actual knowledge of the information or they acted in deliberate disregard of the truth or falsity of the information or they acted in reckless disregard of the truth or falsity of the information. Id. § 40/1-29 (K).

39. As a result of the violations of Virginia Code Ann., § 40.1-29 (A) and (J) by Defendants, they are liable for Plaintiffs' unpaid wages, liquidated damages equal to three times the unpaid wages and reasonable attorneys' fees and costs incurred in this action.

40. The precise amount owed to the Plaintiffs for their unpaid wages cannot be determined at this time.

41. For this Count, Plaintiffs are seeking wages and damages which accrued back to October 2021.

**PRAYER FOR RELIEF**

Plaintiffs request that this Court grant them the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of Plaintiffs' unpaid overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL in the amount of Plaintiffs' unpaid overtime and an equivalent sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWPCL in the amount of Plaintiffs' unpaid overtime and straight time wages and an amount equal to twice that sum as liquidated damages;

d) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the Virginia Code Ann., § 40.1-29 (J) in the amount of each Plaintiff's unpaid wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages; and

e) enter judgment in favor of Plaintiffs for their costs and reasonable attorneys' fees incurred in this action.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiffs*