**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| MATAMOROS AVILA, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No.: 22-cv-49 |
| MARLIN LIGHTING LLC, *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

On January 7, 2022, Plaintiffs Javier Emilio Matamoros Avila and Alcides Vilelio Matamoros Rivas ("Plaintiffs") filed suit against Defendants Marlin Lighting LLC ("Marlin") and its President and owner, John Cottrell, Jr., for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Lab. & Empl. Art. § 3-415, *et seq.*; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Lab. & Empl. Art., § 3-501, *et seq.*; and Virginia Code Ann., §§ 40.1-29. Compl., ECF No. 1. The Defendants did not answer the Complaint or otherwise defend against the suit. Plaintiffs subsequently filed a Motion for Clerk's Entry of Default as to both Defendants, ECF Nos. 12, 16, which was granted, ECF Nos. 13, 18, and a Motion for Default Judgment, ECF No. 24. Neither Marlin nor Mr. Cottrell responded to the Entry of Default or to the Motion for Default Judgment, and the time for doing so has passed. *See* Loc. R. 105.2(a) (D. Md. 2021). l have reviewed the filings and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Plaintiffs' motion shall be GRANTED.

## BACKGROUND

Plaintiff Avila is an electrician who consistently worked for Defendants from mid-2019 through November 2021, and intermittently for some fifteen years prior. Compl. ¶ 1. Plaintiff Rivas is an electrical worker who worked for Defendants from September 2021 to November 2021. *Id.* ¶ 2. Both Plaintiffs are residents of the state of Maryland. *Id.* ¶ 1-2. Defendant Marlin is a Virginia limited liability company once licensed to do business as a foreign corporation in Maryland. *Id.* ¶ 3. Defendant Cottrell is the owner of Marlin as well as its principal officer. *Id.* ¶ 4. Plaintiffs allege that Marlin constituted an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203, because its employees worked on goods moved or produced in commerce, its gross sales were not less than $500,000 per year, and its employees regularly travelled across state lines to perform work. *Id.* ¶ 5. Throughout their employment by Marlin, Plaintiffs regularly were directed by Cottrell and Marlin to perform work in Virginia, Maryland, Pennsylvania, North Carolina, and South Carolina. *Id.* ¶ 10.

Plaintiffs allege that, at all times during their employment by Marlin, an employer-employee relationship existed under the FLSA, 29 U.S.C. § 207, MWHL, Md. Code Lab. & Empl. Art. § 3-903(c), MWPCL, Md. Code Lab. & Empl. Ar. § 3-502 and under Virginia law, Va. Code Ann. §§ 40.1-29. Compl. ¶ 4. Plaintiffs further allege that Defendants directly controlled the Plaintiffs' work by enforcing policies and procedures, setting Plaintiffs' pay and schedule, directing Plaintiffs to perform work at specified job sites, and supervising their work. *Id.* ¶ 4. Defendants also retained the power to hire Plaintiffs and terminate their employment. *Id.* Accordingly, Plaintiffs allege, Defendants are covered employers under the FLSA, MWHL, MWPCL, and Virginia law, and Plaintiffs are the Defendants' employees under the same. *Id.* ¶ 4.

Plaintiff Avila alleges that, for the majority of his employment by Defendants, he was paid a daily rate of $250 per day, regardless of the number of hours worked per day. Mot. Ex. A, ¶ 7, ECF No. 24-2. He alleges he was not paid anything, however, for the final six weeks of his employment. *Id.* ¶ 19. Plaintiff Rivas alleges he was hired at a daily rate of $150 per day, regardless of the number of hours worked per day, but that he was only actually paid by Defendants for one of the seven weeks he worked. Mot. Ex. B. ¶¶ 7, 14, ECF No. 24-3. Plaintiffs further allege that they each regularly worked in excess of 40 hours in a single work week without ever being paid at the required overtime rate of 1.5 times their effective hourly rate as calculated under 29 C.F.R. § 778.112. Compl. ¶¶ 9, 11. While Plaintiffs do not have detailed employment records documenting their hours worked for Defendants, both Plaintiffs estimate they worked an average of 55 hours per week over the course of their employment. Mot. Ex. A ¶ 17; Mot. Ex. B ¶ 15. Plaintiffs thus seek to recover unpaid regular and overtime wages plus statutory damages, reasonable attorney's fees, and costs. Mot. Default J. at 2, ECF No. 24.

Marlin was served on April 11, 2022, and Mr. Cottrell waived service on April 18, 2022. *See* Executed Summons, ECF No. 9; Waiver of Service, ECF No. 10. The Defendants failed to respond to the Complaint, and the Clerk entered an Order of Default as to Marlin on June 2, 2022, and as to Mr. Cottrell on July 8, 2022. *See* Clerk's Entry of Default, ECF Nos. 13 & 18. The Plaintiffs now ask this Court to enter default judgment in their favor totaling $72,275.84. Mot. Default J. at 2. Plaintiffs specifically seek $29,319.22 in unpaid wages and $42,956.62 in statutory damages. *Id.*

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

## DISCUSSION

### A. Liability

Plaintiffs seeks default judgment with respect to claims for unpaid regular and overtime wages under the FLSA, MWHL, MWPCL, and Virginia Law. Employers must pay their employees overtime wages of one-and-one-half times the employee's regular hourly wage for every hour worked over 40 hours under the FLSA and the MWHL. 29 U.S.C. § 207(a)(1); §§ 3-

415(a), 3-420(a). Under the MWPCL, employers must pay employees all wages owed for work performed prior to termination, where "wages" includes overtime payments. §§ 3-501(c), 3-505(a). Under Virginia law, employers may not withhold wages from an employee without that employee's written authorization, except payroll and withholding taxes as required by law. § 40.1-29(C). Taking the allegations in the well-pleaded Complaint as true, Defendants were Plaintiffs' employers within the meaning of the FLSA, MWHL, MWPCL, and under Virginia law. Compl. ¶ 4.

An employee bears "the burden of establishing the hours he claims to have worked." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005). However, if the defendant employer does not produce time sheets, the employee may prove hours worked by "'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 309 (D. Md. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516–17 (2014)). Thus, "'[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked . . . .'" *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *4 (D. Md. Feb. 27, 2012) (quoting *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982)).

Plaintiffs submitted with this Motion individual Declarations stating that they each worked on average around 55 hours per week during their employment by the Defendants. Mot. Ex. A ¶ 17; Mot. Ex. B ¶ 15. Plaintiffs declare they were never paid overtime at the rate of one and one-half times their regular rate for any hours in excess of forty worked in a single one-week period. Mot. Ex. A ¶ 18; Mot. Ex. B ¶ 16. Consistent with these Declarations, Plaintiffs have filed as

Exhibits to their Motion Excel spreadsheets documenting by week their estimated hours worked, the actual wages paid, and the wages owed. *See* Mot. Ex. A at 20; Mot Ex. B at 11.

I conclude that, through their Complaint and Declarations, Plaintiffs have established Defendants' liability for violating the FLSA, MWHL, MWPCL, and Virginia law.

### B.  Damages

Plaintiffs have specifically requested liquidated damages equal to the amount of underpaid overtime under the FLSA and MWHL, and treble for unpaid regular time under the MWPCL. Mot. Default J. at 1; Mot. Mem. 2, 11-12, ECF No. 24-1. The FLSA and MWHL both provide that a prevailing plaintiff may recover unpaid wages, including unpaid overtime, plus an additional, equal amount in damages. 29 U.S.C. § 216(b); MWHL § 3-427(a)(2). Under the MWPCL, an employee may recover up to three times the amount of unpaid wages, inclusive of damages. MWPCL § 3-507(b)(1). Plaintiffs may not recover twice for the same harm but are permitted to use different multipliers for different parts of their claim. *McCoy v. Transdev Servs.*, Inc., No. CV DKC 19-2137, 2021 WL 962534, at *10 (D. Md. Mar. 15, 2021). I will thus calculate damages for underpaid overtime using the MWHL and will calculate damages for unpaid regular time under the MWPCL.

In total, Plaintiffs seek payment for 660 unpaid hours of straight-time work and 1,380 hours of underpaid overtime. Mot. Ex. A. at 20; Mot. Ex. B at 11. For uncompensated regular time under the MWPCL, the employee may "recover the unpaid wages" from the employer. § 3-507.2(a). Because Plaintiffs were paid on a daily, rather than hourly, basis, I must first calculate their effective hourly rate pursuant to the FLSA before calculating their unpaid overtime. The applicable regulation requires that when an "employee is paid a flat sum for a day's work . . . without regard to the number of hours worked in the day . . . and if he receives no other form of compensation for

6

services, his regular rate is determined by totaling all the sums received at such day rates . . . in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112. Having calculated the base hourly rate, "the Court takes the undercompensated hours and multiplies that figure by one-half the employee's base hourly rate, the difference between the mandated overtime rate and the employee's regular rate." *Mata*, 2015 WL 6674650 at *5. The table below confirms that Plaintiffs' calculations of wages owed by Defendants is correct:

| Plaintiff | Regular Hours | Correct Regular Pay | OT Hours | Correct OT Pay | Total Correct Pay | Actual Pay Received | Wages Owed |
|---|---|---|---|---|---|---|---|
| J. Avila | 3,400 | 88,541.20 | 1,275 | 49,811.65 | 138,352.85 | 114,250.00 | 24,102.85 |
| A. Rivas | 280 | 3,819.20 | 105 | 2,147.17 | 5,966.37 | 750.00 | 5,216.37 |
| **TOTAL** | **3,680** | **92,360.40** | **1,380** | **51,959.10** | **144,319.50** | **115,000.00** | **29,319.22** |

Under the MWHL, an employee is entitled to recover "the difference between the wage paid to the employee and the wage required." § 3-427(a)(1). The MWHL also calls for an award of "an additional amount equal to the difference between the wage paid to the employee and the wage required . . . as liquidated damages" unless an employer shows the court that it "acted in good faith and reasonably believed that the wages paid to the employee were not less than the wage required . . . ." § 3-427(d)(1)(ii), (2). The Defendants have failed to put forth evidence that the underpaid overtime wages were withheld in good faith or that they believed the wages it paid were sufficient under the MWHL. I therefore find that liquidated damages equal to the amount of underpaid overtime are appropriate.

The MWPCL provides that a plaintiff may recover "an amount not exceeding 3 times the [unpaid] wage[s]" only if the wages were not withheld as the result of a "bona fide dispute." Lab. & Empl. § 3-507(b)(1). A "bona fide dispute" is "'a legitimate dispute over the validity of the

7

claim or the amount that is owing [ ]' where the employer has a good faith basis for refusing an employee's claim for unpaid wages." *Peters v. Early Healthcare Giver, Inc*., 97 A.3d 621, 627 (Md. 2014) (quoting *Admiral Mortg., Inc. v. Cooper,* 745 A.2d 1026, 1031 (Md. 2000)). The court is "required to make a predicate finding as to whether the wages were withheld pursuant to a bona fide dispute . . . . before proceeding to the question of enhanced damages." *Peters*, 97 A.3d at 626. However, the "burden of production with respect to showing a bona fide dispute" falls on the employer. *Id.* at 627–28. *See also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 796 (D. Md. 2010) (quoting Md. Code, Lab. & Empl. § 3–507.2(b)).[1] Here, because the Defendants failed to produce evidence that wages were withheld as a result of a bona fide dispute, I will consider whether to award enhanced damages.

"[A]n employee is not presumptively entitled to enhanced damages," and the Court "has the discretion to decline any award of enhanced damages, notwithstanding a finding that there was no bona fide dispute." *See Peters v. Early Healthcare Giver, Inc*., 97 A.3d 621, 630 (Md. 2014) (discussing the trier of fact's discretion). In determining whether to award enhanced damages, the Court may consider "'significant consequences' of being underpaid, such as 'being unable to meet . . . weekly or monthly obligations, ranging from embarrassment, to late charges, to repossessions, [and] eviction.'" *Mata*, 2015 WL 6674650 at *5 (quoting *Admiral Mortg. Inc. v. Cooper*, 745 A.2d 1026, 1034 (Md. 2000)).  Courts in this district have declined to award treble damages under the MWPCL when the plaintiffs failed to offer any evidence of consequential damages suffered. *McCoy v. Transdev Services, Inc.*, No. DKC 19-2137, 2022 WL 951996, at *15 (D. Md. Mar. 30, 2022).

---

[1] The *Monge* Court quotes from § 3–507.2(b) but cited § 3–507.1(b) in the opinion.

Here, Plaintiffs assert consequential damages resulting from being unpaid by Defendants for six weeks. Mot. Mem. 5; Avila Declaration; Rivas Declaration. Specifically, Plaintiffs declared that they incurred late fees and penalties from their landlord, phone company, and utility providers because they were unable to pay these bills on time. *Id.;* Avila Declaration ¶ 20; Rivas Declaration ¶ 18. Plaintiffs also declared that they incurred high rates of interest because they were forced to borrow money and use credit cards to pay their bills. *Id.* And they attest that they experienced stress and anxiety from threats of eviction and having utilities shut off. *Id.* Because Plaintiffs have demonstrated through their statements, supported with an exhibit of text messages, that they suffered consequential damages, I find it appropriate to triple the Plaintiffs' unpaid regular wages of $13,637.40 under the MWPCL, in addition to double the unpaid overtime wages of $15,681.82 under the MWHL. *See* Mot. Default J. at 2. I therefore award Plaintiffs a total of $29,319.22 in unpaid regular and overtime wages, plus an additional $42,956.62 in enhanced damages.

### C.  Attorney's Fees and Costs

Plaintiffs seek reasonable attorney's fees and other associated costs as part of this action. Mot. Default J. at 2. The MWPCL provides that a prevailing plaintiff may be awarded "reasonable counsel fees and other costs" when wages were not withheld as a result of a bona fide dispute. § 3-507.2(b). Because the defendants have put forth no evidence or claim that a bona fide dispute existed, Plaintiffs may be awarded reasonable attorney's fees and costs associated with enforcing this judgment. Pursuant to Fed. R. Civ. P. 54(d)(2)(B), Plaintiffs' counsel is directed to provide supplemental briefing within 14 days of this Memorandum and Order, specifying the amount of attorney's fees and costs requested, supporting the reasonableness of such amount, and attaching any additional evidence supporting the request.

## **ORDER**

For the foregoing reasons, it is, this 21st day of November 2022, ORDERED:

1. Plaintiff's Motion for Default Judgment, ECF No. 24, is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 58, Judgment by default is hereby ENTERED in favor of Plaintiffs Javier Emilio Matamoros Avila and Alcides Vilelio Matamoros Rivas and against Defendants Marlin Lighting LLC, and John Cottrell Jr., jointly and severally, as follows:

    a. Judgment is entered in favor of Plaintiff Javier Emilio Matamoros Avila, and against Defendants Marlin Lighting LLC and John Cottrell, Jr., jointly and severally, in the amount of $56,729.00, representing his unpaid wages and liquidated damages pursuant to the FLSA, MWHL, and the MWPCL;

    b. Judgment is entered in favor of Plaintiff Alcides Vilelio Matamoros Rivas, and against Defendants Marlin Lighting LLC and John Cottrell, Jr., jointly and severally, in the amount of $15,546.84, representing his unpaid wages and liquidated damages pursuant to the FLSA, MWHL, and the MWPCL

3. Plaintiffs' counsel is ordered to provide, within fourteen (14) days of this Memorandum and Order, a complete explanation and calculation of the reasonable attorney's fees and associated costs that Plaintiffs are seeking.

4. The Clerk of the Court shall send copies of this Order to the parties and CLOSE this case.

Date:  November 21, 2022                              _____/S/_____
                                                     Paul W. Grimm
                                                     United States District Judge