UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAVIER EMILIO MATAMOROS AVILA
and
ALCIDES VILELIO MATAMOROS RIVAS,

    Plaintiffs,

v.

MARLIN LIGHTING LLC and
JOHN COTTRELL, JR.,

    Defendants.

Civil Action No. TDC-22-0049

## MEMORANDUM OPINION

Plaintiffs Javier Emilio Matamoros Avila and Alcides Vilelio Matamoros Rivas filed a civil action against Defendants Marlin Lighting LLC and John Cottrell, Jr. in which they alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (2018), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3–401 to 3–431 (LexisNexis 2016), the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3–501 to 3–509, and Va. Code Ann. § 40.1–29 (2023). On November 21, 2022, the Court entered a default judgment against Defendants. Plaintiffs have now filed a Motion for Attorney's Fees and Costs, which is not opposed. Having reviewed the briefs and submitted materials, the Court finds that no hearing is necessary. See D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The factual background and procedural history of this case is set forth in the Court's November 21, 2022 Memorandum Opinion and Order on Plaintiffs' Motion for Default Judgment,

which is incorporated by reference. ECF No. 25. In that ruling, the Court (Grimm, J.) granted Plaintiffs' Motion for Default Judgment and entered judgment in favor of Plaintiff Matamoros Avila in the amount of $56,729.00 and judgment in favor of Plaintiff Matamoros Rivas in the amount of $15,546.84, for a total of $72,275.84 in unpaid wages and liquidated damages. The Court also directed Plaintiffs to provide a "complete explanation and calculation of the reasonable attorney's fees and associated costs that Plaintiffs are seeking." Mem. Op. & Order at 10, ECF No. 25. Plaintiffs then filed their Motion for Attorney's Fees and Costs.

## DISCUSSION

In their Motion, Plaintiffs seek an award of attorney's fees and costs pursuant to the FLSA, MWHL, and MWPCL, each of which permits such an award to a prevailing party. 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. §§ 3–427(d)(1)(iii), 3–507(b)(1).

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The MWHL and MWPCL also contain fee-shifting provisions. Md. Code Ann., Lab. & Empl. § 3–427(d)(1)(iii) ("If a court determines that an employee is entitled to recovery in an action under this section, the court shall award to the employee . . . reasonable counsel fees and other costs."); id. § 3–507(b)(1) ("[T]he court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."). Plaintiffs have requested $18,292.00 in attorney's fees and $1,256.83 in costs, for a total of $19,548.83.

I.  **Legal Standards**

In calculating an award of attorney's fees under the FLSA, a court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*,

560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88 & n.5. A court is not required to conduct a specific analysis of each of the *Johnson* factors if they are considered and addressed more broadly. *See, e.g., Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 836 (D. Md. 2005); *Murrill v. Merritt*, No. DKC-17-2255, 2020 WL 1914804, at *3 (D. Md. Apr. 20, 2020). Here, the Court finds that, upon consideration, the seventh, tenth, and eleventh *Johnson* factors are not particularly relevant to the present case.

## II. Reasonable Hourly Rates

In considering the reasonableness of the proposed hourly rates, the Court primarily considers the fourth, fifth, ninth, and twelfth *Johnson* factors. The reasonable hourly rate requirement is typically met by compensating attorneys at prevailing market rates in the community, "ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). This Court's Local Rules provide presumptively reasonable hourly rates keyed to an attorney's years of experience. *See* D. Md. Local R. App. B.

Here, Plaintiffs were represented throughout this litigation by Omar Vincent Melehy, Suvita Melehy, and Andrew Balashov of the law firm of Melehy & Associates LLC on a contingency basis. Plaintiffs have requested that the Court apply, for its three different counsel and for its paralegals and paraprofessionals, hourly rates exceeding the guideline ranges for hourly rates based on each attorney's years of experience. Where Omar Vincent Melehy had 34 years of experience when the Motion was filed, his proposed hourly rate of $625 is higher than the applicable Local Rules guideline range of $300 to $475 per hour for attorneys with more than 20 years of experience. Where Suvita Melehy had 27 years of experience, the proposed hourly rate of $575 is also higher than the applicable Local Rules guideline range of $300 to $475. Where Andrew Balashov had 7 years of experience, the proposed hourly rate of $350 is higher than the applicable Local Rules guideline range of $165 to $300. Finally, the proposed hourly rate of $180 for paralegals and paraprofessionals is higher than the applicable Local Rules guideline range of $95 to $150.

In arguing for the higher hourly rates, Plaintiffs assert that the proposed rates are reasonable because the rates are their attorneys' normal and customary rates, are below the market rates for legal professionals who handle comparable cases, are similar to the rates that the attorneys were awarded in other cases, and are at or below the Local Rules guideline range if adjusted for inflation. Plaintiffs have also submitted a declaration from Nicholas Woodfield, an employment litigation attorney who is "familiar with the current market rates for employment litigation, including wage and hour litigation, in the United States District Court for the District of Maryland (both Northern and Southern Divisions)" and with Plaintiffs' lead counsel, Omar Melehy, whom Woodfield describes as "a talented plaintiff-side employment lawyer" and "a leading lawyer in the field." Woodfield Decl. ¶¶ 5, 9, Mot. Atty's Fees Ex. F, ECF No. 33-7.

Woodfield attests to the reasonableness of the proposed rates. The affidavit of a local attorney "familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" can be sufficient to verify the prevailing market rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). This declaration, which addresses the second, third, fifth, and ninth *Johnson* factors, provides support for the reasonableness of the hourly rates.

Nevertheless, based on the present record and a consideration of the relevant *Johnson* factors, the Court finds that, as conceded by Plaintiffs' counsel in the Motion, the legal work conducted here, in a case resolved on a Motion for a Default Judgment, was not particularly novel or complex, and did not require skill beyond the typical case. Under these circumstances, the Court will not approve hourly rates above those contemplated by the Local Rules. Indeed, where these rates have been consistently published in the Local Rules, application of hourly rates within the guideline ranges is consistent with the sixth *Johnson* factor, the attorney's expectations at the outset of the litigation.

At the same time, where the Court has not recently adjusted these rates for inflation, and where the rates are lower than the standard billing rates for Plaintiffs' attorneys, the Court finds that the reasonable hourly rates are those at the high end of the guideline ranges set forth in the Local Rules. For the same reasons, the Court finds that the reasonable hourly rates for paralegals and paraprofessional staff are those at the high end of the guideline ranges set forth in the Local Rules. The Court will therefore award fees based on the following hourly rates:

Table: Revised Rates

| Name | Years | Requested Rate | Guideline Range | Revised Rate |
|---|---|---|---|---|
| Omar Vincent Melehy | 34 | $625 | $300–475 | $475 |
| Suvita Melehy | 27 | $575 | $300–475 | $475 |
| Andrew Balashov | 7 | $350 | $165–300 | $300 |
| Paralegals and Paraprofessionals | 0 | $180 | $95–150 | $150 |

### III.   Reasonable Hours

As for the reasonableness of the hours worked, the Court primarily considers the first, second, third, and eighth *Johnson* factors. Plaintiffs have provided charts reflecting actual hours worked by Plaintiffs' counsel, paralegals, and paraprofessional staff, with descriptions of the specific tasks performed. *See* Mot. Atty's Fees Ex. A, ECF No. 33-2. In considering the submitted charts, the Court finds that the general tasks performed and the hours billed by the attorneys were reasonable under the circumstances of this case. This case required addressing legal issues involving service on defendants who evaded service, having to file a motion to conduct limited discovery to determine Cottrell's address for purposes of service, interviewing Plaintiffs to determine their damages when there was no documentation of the hours they worked, and filing the Motion for Default Judgment and the present Motion, all of which required time and expense.

The Court's revised lodestar calculation, based on the Court's adjustments to the hourly rates, is $15,115.00.

### IV.   Adjustments to the Lodestar Amount

After calculating the lodestar amount, the Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones" and then award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). When calculating a reasonable fee award, "the

6

most critical factor" is "the degree of success obtained." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

Here, Plaintiffs sought $72,275.84 in their Motion for Default Judgment, and the Court awarded Plaintiffs the full amount when it granted Plaintiffs' Motion for Default Judgment and entered judgment against Defendants. Accordingly, the Court will award 100 percent of the lodestar amount.

**V.     Costs**

Finally, Plaintiffs request a total of $1,256.83 in litigation expenses, which include legal research database charges, photocopies, the filing fee, postage, and costs of service. The FLSA, MWHL, and MWPCL all provide for a prevailing plaintiff to be paid "costs" of the action by the defendant. 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. § 3–427(d)(1)(iii); *id.* § 3–507(b)(1). Upon review of the litigation expenses, the Court finds that all expenses were reasonably incurred and will award the full $1,256.83 in litigation expenses.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees, ECF No. 33, will be GRANTED IN PART and DENIED IN PART. The Motion will be granted in that the Court will award $15,115.00 in attorney's fees and $1,256.83 in costs and will be otherwise denied. A separate Order shall issue.

Date:   August 16, 2023

THEODORE D. CHUANG
United States District Judge